**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 31, 2012

Lyle W. Cayce
Clerk

No. 12-50156
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO GALLEGOS-HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2799-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ricardo Gallegos-Herrera appeals the 46-month within-guidelines sentence he received following his guilty plea to illegal reentry into the United States after deportation. Gallegos-Herrera argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the district court did not consider his benign motives for illegally reentering the country or other mitigating circumstances such as the fact that he entered the United States as a child and had lost cultural ties with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his native country.  He further argues that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based.

Generally, we review sentences for reasonableness in light of the sentencing factors in § 3553(a).  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  First, we consider whether the district court committed a significant procedural error.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007). If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion.  *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009).  However, because Gallegos-Herrera did not raise his substantive reasonableness argument in the district court, we review for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  Gallegos-Herrera acknowledges that under current precedent, his substantive reasonableness argument is subject to plain error review, but he asserts that no objection was required because he requested a below-guidelines range sentence.  Given the circuit split on the matter, *id.*, Gallegos-Herrera raises the issue to preserve it for possible future Supreme Court review.

When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3553(a).  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The record reflects that the district court considered the relevant § 3553(a) factors as well as Gallegos-Herrera's arguments for mitigating his sentence but implicitly overruled his arguments and concluded that a within-guidelines sentence was appropriate.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Accordingly, we decline Gallegos-Herrera's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and

judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Furthermore, as he concedes, Gallegos-Herrera's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 n.7. His sentence, which is at the bottom of the guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Gallegos-Herrera has not demonstrated that the district court plainly erred by sentencing him to a within-guidelines 46-month prison term. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392. Accordingly, the judgment of the district court is AFFIRMED.